**The PEOPLE of the State of Colorado, Complainant,**

v.

**Daniel R. CASIAS, Attorney-Respondent.**

No. 82SA188.

Supreme Court of Colorado, En banc.

June 14, 1982.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Daniel Casias, Montrose, pro se.

QUINN, Justice.

Daniel Casias, you appear before this court to receive a public censure. In a disciplinary proceeding before the Grievance Committee you and the disciplinary prosecutor executed a stipulation in which you waived your right to a formal evidentiary hearing and admitted the following facts. Between September 2 and September 7, 1980, you mailed or caused to be distributed numerous copies of a letter entitled "Republicans against Harmsen." This letter contained various accusations against Bill Harmsen, who was then engaged in a primary election campaign for the office of District Attorney, and challenged the reader to consider the accusations in connection with the upcoming primary election.[1] You listed as a return address on the letter a post office box belonging to Mr. Walt Hill without Mr. Hill's knowledge of the letter or his consent to the use of his address. Your unauthorized use of Mr. Hill's address on the letterhead caused him considerable embarrassment and humiliation especially since the distribution of the letter became a matter of interest to the news media.

When these events transpired you were serving as treasurer of the local school board. At a closed session of the executive members of the board, when accused of having authored the letter, you denied such

1. It was expressly agreed by the respondent and the disciplinary prosecutor that the contents of the letter would not be considered in the disciplinary proceeding because of a pending libel action over its contents and distribution.

authorship to the board members who were then present. During the course of a police investigation of the "Harmsen Letter" by the Montrose Police Department you destroyed the typewriter used in its production by throwing it into the Colorado River, and you also attempted to misrepresent your handwriting when you were ordered to produce handwriting exemplars for comparison.

You were charged in a criminal prosecution with violating section 1–13–150, C.R.S. 1973 (now found at section 1–13–108, C.R.S. 1973 (1980 Repl. Vol. 1B)), which prohibits the willful publication or distribution of anonymous statements concerning candidates for public office,[2] and pled guilty to the charge. The court sentenced you to a thirty day jail term and a $1,000 fine, suspended one-half of the jail term and fine, ordered you to perform one hundred hours of community service under the supervision of the probation department, and ordered restitution in the amount of $500. You and the disciplinary prosecutor further stipulated that your conduct was a violation of C.R.C.P. 241 B(3) and C.R.C.P. 258 B in that it constituted a criminal offense, that your conduct involved dishonesty, fraud, deceit or misrepresentation in violation of DR 1–102(A)(4), and that your conduct was prejudicial to the administration of justice in violation of DR 1–102(A)(5).

The Grievance Committee accepted the stipulation and determined that your conduct constituted professional misconduct which warrants the imposition of discipline. We concur in the Grievance Committee's determination. Such conduct is a clear violation of the Code of Professional Responsibility and cannot be tolerated.

The Grievance Committee recommended a public censure as the appropriate discipline in this case. We accept the Grievance Committee's recommendation in this respect. As the Grievance Committee noted, your distribution of the letter and your subsequent actions were the product of extreme emotional stress experienced by you when you learned that the District Attorney intended to convene a grand jury in order to investigate various purchases of automobile tires by school board employees. As treasurer of the school board you had uncovered this practice and brought it to the attention of the board. It was your opinion that these employees had not acted out of criminal intent and that a grand jury investigation into this matter would be destructive of the school system. Some of your anxiety was also caused by your fear that the district attorney was attempting to hold you responsible to some extent for the tire purchasing practice. The Grievance Committee also considered in mitigation the punishment already meted out to you for violating the election laws, section 1–13–108, C.R.S.1973 (1980 Repl. Vol. 1B), as well as your reputation in the community as a participant in various community projects. While all the above factors are mitigating, we emphasize that they do not excuse the unprofessional character of your actions in this matter.

Daniel Casias, we publicly censure you for your misconduct. This public censure shall remain on file with this court and may be considered by us in connection with any further violation of the Code of Professional Responsibility. You are ordered to pay the costs of these proceedings in the amount of $208.23 within 30 days from this date.

LEE, J., does not participate.

2. Section 1–13–108, C.R.S.1973 (1980 Repl. Vol. 1B), states:

"Any person who willfully publishes or causes to be distributed any card, pamphlet, circular, poster, dodger, advertisement, or other writing relating to any candidate for election for any office or relating to any issue which is to be submitted to the electors in any election provided by law which does not contain, clearly set apart from the text and identifying them as sponsors, the names of the persons, associations, committees, or corporations responsible for the publication or distribution of the same and the name of the president, chairman, or responsible official of each such association, committee, or corporation is guilty of a misdemeanor and, upon conviction thereof, shall be punished as provided in section 1–13–111."